# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JARVIS J. BROWN (#710737)**                                       **CIVIL ACTION**

**VERSUS**

                                                                    **21-309-BAJ-RLB**

**JAMES LEBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 27, 2022.

 

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARVIS J. BROWN (#710737)** | **CIVIL ACTION** |
| **VERSUS** | |
| **JAMES LEBLANC, ET AL.** | **21-309-BAJ-RLB** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants complaining that his constitutional rights have been violated due his personal property not being returned to him. He seeks monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges the following in his Complaint: On June 1, 2020, the plaintiff requested to have his legal mail and personal mail returned to him. The mail had been in storage, but after pursuing administrative steps, the mail has not been returned and defendants are interfering with the plaintiff's access to the courts.

The plaintiff's Complaint fails to state a claim upon which relief may be granted. Whether intentional or negligent, the "random and unauthorized" deprivation of property neither violates the Constitution nor states a claim under 42 U.S.C. § 1983 when adequate state post-deprivation remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Louisiana law provides plaintiff the opportunity to seek redress for either the alleged negligence or intentional torts committed by these public officials. *See* Louisiana Civil Code Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee,* 951 F.2d 638 (5th Cir. 1992). Because the plaintiff has available post-deprivation remedies through the state courts, his claim based on the alleged taking of his personal property, fails to state a claim under *Hudson.*

With regards to the plaintiff's claim that defendants have interfered with the plaintiff's right of access to the courts, a substantive right of access to the courts has long been recognized. *Lewis v. Casey,* 518 U.S. 343, 347 (1996), *citing Bounds v. Smith,* 430 U.S. 817, 821 (1977). Specifically, access to the courts is incorporated into the First Amendment right to petition the government for redress of grievances. *Driggers v. Cruz,* 740 F.3d 333, 336–37 (5th Cir. 2014) citing *Bill Johnson's Rests., Inc. v. N.L.R.B.,* 461 U.S. 731 (1983). In its most obvious and fundamental manifestation, this right protects an inmate's physical access to the courts. Thus, for example, prison officials may not block or refuse to transmit, through procedural devices or otherwise, the transmission of legal documents that prisoners wish to send to the courts. *Ex parte Hull,* 312 U.S. 546 (1941) (striking down a state regulation prohibiting prisoners from filing petitions for habeas corpus without the approval of a state official); *Jackson v. Procunier,* 789 F.2d 307, 310–11 (5th Cir. 1986) (prison officials may not deliberately delay mailing legal papers when they know that such delay will effectively deny a prisoner access to the courts). Nor can they take other actions—such as confiscating or destroying legal papers—that would have a similar effect. *See Foster v. City of Lake Jackson,* 28 F.3d 425, 429 (5th Cir. 1994), *citing Crowder v. Sinyard,* 884 F.2d 804, 811 (5th Cir.1 989). The fundamental constitutional right of access to the courts also requires that prison authorities assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). This right extends to pretrial detainees as well as to convicted inmates. *Boyd v. Nowack,* 2010 WL 892995, *2 (E.D. La. March 11, 2010), *citing United States v. Moya–Gomez,* 860 F.2d 706, 743 (7th Cir. 1988).

The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey, supra,* 518 U.S. at 356. Further, in order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that has he suffered some cognizable legal prejudice or detriment as a result of the defendant's actions. *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996). In addition, the plaintiff must be able to show that the defendant had an intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so. *See Herrington v. Martin,* 2009 WL 5178340, *2 (W.D. La., Dec. 23, 2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983"). Finally, an inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights. *Johnson v. Rodriguez,* 110 F.3d 299, 311 (5th Cir. 1997). Therefore, because the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," *Christopher v. Harbury,* 536 U.S. 403, 415 (2002), "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Id.*

In the present matter, the Complaint fails to state a claim for denial of access to the courts for several reasons. The Complaint is composed entirely of one single, generalized allegation that defendants are interfering with the plaintiff's access to the courts. Plaintiff has not identified any particular document that was within the personal property that has deprived him of access.

The plaintiff has not identified with specificity any particular cause of action in which his rights were impeded or any jurisdiction within which such claims were brought. Nor has the plaintiff alleged that the deprivations stemmed from intentional conduct on the part of the defendants. Moreover, the plaintiff has not alleged to have suffered any legal prejudice or detriment as a result of the defendants' actions. As such, the Complaint fails to state a claim for denial of access to the courts.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[1].

Signed in Baton Rouge, Louisiana, on July 27, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."